HENRY, Circuit Judge,
Concurring:
Given the seriousness of the injuries alleged in this case, see Rec. vol. I, doc. 19, at 10 (Magistrate Judge Eagan’s Report and Recommendation, filed Dec. 3, 1999) (noting that “[c]ursing at the deputy sheriffs [the defendants assert, and Mr. Sours denies, that he ‘provoked’ the incident by cursing] does not appear to warrant a beating that results in broken glasses and an injury to a wrist so severe that a nurse calls for x-rays”), and the destruction by the defendants of the best evidence of what actually occurred, I would prefer that there have been more record development in this case. Specifically, I wish that Mr. Sours had suggested a way of admitting the affidavit despite his failure to provide the affiant’s address. Mr. Sours might, for instance, have proposed the admission of the (sworn and notarized) affidavit as a sanction for the destruction of the evidence. Mr. Sours might have at least asked for additional time to locate the affiant.
The record on appeal does not reflect that Mr. Sours suggested such a course of action. At least where the litigant fails to advance alternatives to exclusion, I agree that a district court’s loyalty to the literal language of Federal Rule of Evidence (“FRE”) 807 can not constitute an abuse of discretion. I write separately merely to emphasize that FRE 807 would not have foreclosed the suggested arguments had Mr. Sours actually advanced (and preserved on appeal) those arguments. See, e.g., 5 Jack B. Weinstein & Margaret A. Berger, Weinstein’s Federal Evidence, § 807.04[2] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2001) (“If the declarant’s name and address are unknown *917 despite reasonable efforts to locate the information, it is enough to give all the information the proponent has been able to acquire by diligent inquiry.... Most courts adopt a flexible approach to the notice requirement, excusing a failure to give pretrial notice when pretrial notice is wholly impractical.”) (internal quotation marks and footnote omitted); cf. Kirk v. Raymark Industries, Inc., 61 F.3d 147, 167 (3d Cir.1995) (“We recognize that the advance notice requirement of Rule 803(24) [now FRE 807] can be met where the proponent of the evidence is without fault in fading to notify his adversary.”).